DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Charles Rick Farnsworth, appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division, regarding spousal support to Appellee, Karen Farnsworth, nka Karen Geitgey. We affirm.
 I. {¶ 2} The parties were married in 1974, and have four children, all of whom were emancipated before the present proceeding. Appellee filed a complaint for divorce on May 4, 2001, and Appellant answered and counterclaimed for divorce as well. The parties were able to agree as to all aspects of the divorce except for spousal support, which issue was submitted to the trial court. At the time of the divorce, Appellant's gross income averaged $67,805 annually. Appellee had a high school education and no income, as she had been a homemaker and provided care for the couple's four children during the 27-year marriage. The trial court entered a decree of divorce on August 15, 2002, and ordered Appellant to pay spousal support to Appellee in the amount of $3,000 per month. The trial court retained jurisdiction over the issue of spousal support. See Farnsworth v.Farnsworth, 9th Dist. No. 02CA0074-M, 2003-Ohio-2341.
 {¶ 3} Appellant appealed from that judgment, asserting error in the term and amount of spousal support awarded. On appeal, this court held that, although the marriage was of long duration, the parties were not of advanced age and Appellee was capable of improving her employment skills. Farnsworth v. Farnsworth, 9th Dist. No. 02CA0074-M, 2003-Ohio-2341, at ¶ 13. The spousal support order equaled 53% of Appellant's yearly gross income, and terminated only at the death of either party or Appellee's remarriage. Id. at ¶ 8. This court, therefore, reversed, finding that the amount of spousal support, in combination with the fact that such spousal support was to be paid until the death of either party or Appellee remarried, was not reasonable or appropriate. Farnsworth v. Farnsworth, 9th Dist. No. 02CA0074-M, 2003-Ohio-2341, at ¶ 14. The matter of spousal support was remanded to the trial court for further proceedings.
 {¶ 4} On remand, a hearing was had in the trial court on the issue of spousal support. At the hearing, Appellee testified to her current health, employment, and economic status. She self-reported various orthopedic problems, gastrointestinal disorders, urological complaints, and thyroid and sinus problems. In general, however, her health had improved and she is able to maintain her current employment. Appellee currently earns $14,850 on an annual basis, working 35 to 36 hours per week at a credit union.
 {¶ 5} Appellant also testified. He reported no ill health. He stated that he had been employed with the same company or its corporate predecessor for 33 years. In 2003, his gross earnings were $58,984.13. His current hourly rate is at the top of the available pay scale at $23.04, and his current annual income was found to be $53,674 per year. Appellant explained that the decrease in his annual income resulted from the recent unavailability of overtime work. He claimed that his current "take-home pay" for two weeks was $171.53.
 {¶ 6} On April 9, 2004, the trial court entered judgment. The trial court concluded that Appellee was appropriately employed given her age, health, education, and work history. The court ordered Appellant to pay spousal support for a term of 108 months, upon the following schedule: 36 payments of $1,750 ($21,000 annually); 36 payments of $1,500 ($18,000 annually); and 36 payments of $1,250 ($15,000 annually). The trial court also ordered that spousal support would terminate upon the death of either party or upon the remarriage of Appellee. In addition, the trial court decision reported that the parties had equally divided the marital estate, which included real estate valued at $145,000.
 {¶ 7} Appellant timely appealed from the judgment of the trial court and assigned one error for review.
 II. Assignment of Error
"The trial court erred in its determination of spousal support in that it did not take into account the division or disbursement of property under R.C. 3105.171."
 {¶ 8} Appellant contends that the trial court erred in setting the amount of spousal support. Specifically, Appellant claims that the $72,500 he paid Appellee as part of the property settlement should have been considered as an amount "distributed under section 3105.171 of the Revised Code" when the trial court determined spousal support. See R.C. 3105.18(C)(1). Appellant further contends that the amount should be considered as income to offset any claim for spousal support. He essentially argues that he cannot afford to pay the indicated amount of spousal support since he had to borrow the money for the property settlement from his family and must repay it.[1]
 {¶ 9} In response, Appellee asserts that the payment of $72,500 was not a distribution of non-marital assets. Rather, she asserts that the parties had agreed to an equal division of marital assets and the payment of $72,500 to Appellee was to equalize her share of those assets. Appellee claims that Appellant has sufficient assets to pay his debts, and notes that Appellant does not argue that the amount of spousal support is excessive or unreasonable.
 {¶ 10} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C.3105.18(B). The trial court shall be guided by the factors contained in R.C. 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the court. Moore v. Moore (1992), 83 Ohio App.3d 75, 78, citingHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 130-31. Accordingly, a trial court's decision on these issues will not be overturned absent an abuse of discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion involves more than an error of judgment; it implies that the domestic relations court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 219.
 {¶ 11} The burden is on the party challenging the award to establish an abuse of discretion. Shuler v. Shuler (Oct. 27, 1999), 9th Dist. No. 98CA007093. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} The factors that a court must consider in determining an award of spousal support are set forth in R.C. 3105.18(C)(1):
"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable." (Emphasis added.)
 {¶ 13} This court has previously held that need is not a basis for an award of spousal support. Bowen v. Bowen (1991),132 Ohio App. 3d 616, 626. "The only relevant question is what is `appropriate and reasonable' under the circumstances," and that "once the fourteen factors [under R.C. 3105.18(C)(1)] have been considered, the amount of spousal support is within the sound discretion of the trial court." Id. (Citations omitted.)
 {¶ 14} Appellant cites R.C. 3105.18(C)(1)(a) and R.C. 3107.171(A)(1) in support of his argument that a "distributive award should be considered as income to offset any claim for spousal support." His argument, however, is not persuasive.
 {¶ 15} The first statute, R.C. 3105.18(C)(1)(a), sets forth one of the factors that a court shall consider in determining an award of spousal support and the second, R.C. 3107.171(A)(1), defines the term "distributive award." R.C. 3105.18(C)(1)(a), quoted above, indicates that the trial court shall consider income derived from property distributed under R.C. 3105.171 in determining spousal support. R.C. 3105.171(A)(1) provides:
"`Distributive award' means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section3105.18 of the Revised Code." (Emphasis added.)
 {¶ 16} Together, the statutes explain that the trial court should consider income derived from separate property distributed under R.C. 3105.171 in order to determine spousal support. In the present case, the $72,500 paid by Appellant to Appellee was part of an agreed property settlement in which marital property was equally divided between the parties. There is no evidence that the sum represented income from separate property.
 {¶ 17} In its judgment entry, the trial court specifically stated the following:
"The parties have equally divided the marital estate, whichincludes real estate valued at $145,000, various stocks and stock accounts, and the pension accumulated through husband's employment." (Emphasis added.)
The trial court also indicated that it considered "all relevant factors, including those set forth in [R.C.] 3105.18(C)(1)."
 {¶ 18} The record does not reveal that the trial court abused its discretion in its award of spousal support. Appellant has failed to meet his burden of demonstrating that the trial court abused its discretion in setting the spousal support award. Accordingly, finding that Appellant has not demonstrated an abuse of discretion by the trial court in establishing spousal support, Appellant's sole assignment of error is overruled.
 III. {¶ 19} Appellant's assignment of error is overruled and the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.
[1] Appellant claims that he cannot afford the specified spousal support because he "only brings home $171.53 every two weeks." Without engaging in a discussion of what Appellant can "afford," this court observes that, according to his Exhibit B which was introduced into evidence at the hearing below, Appellant's gross monthly income is $1,843.20. His net pay after taxes, insurance and union dues is $1,436.03. Aside from the $743.32 withheld for temporary spousal support at a rate of $1,500 every month, Appellant's documentary evidence also indicates that he had $221.18 deposited into a 401K plan and $300 directly deposited into a savings account. Therefore, although Appellant may technically "bring home" only $171.53 every two weeks, he apparently has access to or is saving an additional $551.18 per month.