DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} In this post-decree divorce case, the ex-wife, Karen Geitgey, has challenged the division of personal property. First, she has argued that a recent order of the trial court exceeded the reach of the original divorce decree. Because Ms. Geitgey did not raise that argument before the trial court, she may not raise it on appeal. Second, she has asserted that two orders entered by the trial court are inconsistent. Because she has failed to offer a legal argument in support of this assertion, it is overruled. Accordingly, the judgment of the trial court is affirmed.
 FACTS {¶ 2} Ms. Geitgey and Charles R. Farnsworth married in 1974 and divorced in 2002. They had four children, and all were emancipated before the granting of the divorce. Two prior appeals addressed the issue of spousal support. See Geitgey v. Farnsworth, 9th Dist. *Page 2 
No. 04CA0031-M, 2004-Ohio-6738; Farnsworth v. Farnsworth, 9th Dist. No. 02CA0074-M, 2003-Ohio-2341. This appeal concerns distribution of personal property.
 PROPERTY DIVISION {¶ 3} Ms. Geitgey's first assignment of error is that the trial court abused its discretion when it failed to enforce the property division as set forth in the original divorce decree. The divorce decree provided that each party was entitled to personal property in his or her own name, possession, or control, along with items on a list attached to the decree.
 {¶ 4} Four and one-half years after the divorce, Mr. Farnsworth filed a contempt action against Ms. Geitgey, seeking delivery of certain items of personal property and claiming that those items were due him according to previous orders of the court. At a hearing on Mr. Farnsworth's motion, Ms. Geitgey admitted that she still had possession of some of the items. In addition, the trial court received into evidence a list Mr. Farnsworth had prepared of items he claimed were covered by the original decree and which Ms. Geitgey had not delivered to him. At the conclusion of the hearing, the trial court found Ms. Geitgey guilty of contempt for failing to deliver items due Mr. Farnsworth.
 {¶ 5} On appeal, Ms. Geitgey has disputed that the items on Mr. Farnsworth's list were covered by the divorce decree. She failed, however, to raise this argument before the trial court, and it may not be raised for the first time on appeal. Stores Realty Co. v.Cleveland, 41 Ohio St. 2d 41, 43 (1975).
 {¶ 6} During the hearing, the trial judge repeatedly emphasized that Mr. Farnsworth's compilation could only include items that were within the ambit of the divorce decree, and the exhibit was admitted into evidence on that basis. In response to the directive of the trial judge on this point, Mr. Farnsworth excluded certain items from his compilation during a recess in the *Page 3 
hearing. Ms. Geitgey did not object to the inclusion of any of the remaining items on the basis that they were not covered by the original divorce decree. Ms. Geitgey's lawyer questioned Mr. Farnsworth as to whether their children may have misplaced or removed certain of the items and inquired why Ms. Geitgey would have wanted any of the items for herself. He questioned whether the items were new or used and how Mr. Farnsworth arrived at their values. Through her lawyer, Ms. Geitgey objected to the admission of the exhibit, only to the extent of questioning the accuracy of the valuation of the items included on it. She did not dispute that the items came within the ambit of the original divorce decree. Accordingly, Ms. Geitgey's first assignment of error is overruled.
 INCONSISTENT ORDERS {¶ 7} Ms. Geitgey's second assignment of error is that the trial court acted inconsistently when it found her in contempt for failing to turn over items of personal property five years after the divorce decree was entered, but also found that Mr. Farnsworth had delayed too long before filing his motion for relief from judgment when he filed that motion almost two years after the court had entered the order it challenged. Ms. Geitgey has failed to provide any argument or explanation of why she believes there is a legally significant inconsistency between the two rulings. It is not enough to merely state a claim without explaining the reasons in support of the contention, including references to the record and citation of legal authority if appropriate. See App. R. 16(A)(7).
 {¶ 8} Ms. Geitgey seems to suggest that the trial court treated delays by each of the parties differently. Delay, however, played a different role in each ruling. In the first, the trial court found Ms. Geitgey guilty of contempt for failing to deliver certain items of personal *Page 4 
property to Mr. Farnsworth in accordance with the divorce decree. Ms. Geitgey's delay in complying with a court order is, in fact, the reason for the finding of contempt.
 {¶ 9} In the second order, the trial court denied Mr. Farnsworth's motion for relief from judgment. By that motion, Mr. Farnsworth had asked the court to vacate a prior order concerning the division the parties' four bank accounts based upon an allegation that Ms. Geitgey had fraudulently concealed $22,000. The trial court determined that the motion was untimely and also found that Mr. Farnsworth had waived claims relative to division of the accounts because he had previously settled on sums certain and a date certain for their evaluation and distribution. Mr. Farnsworth's delay of nearly two years in filing the motion for relief from judgment was a well-established basis on which to overrule such a motion. See Civ. R. 60(B). Ms. Geitgey's second assignment of error is overruled.
 CONCLUSION {¶ 10} Ms. Geitgey's assignments of error are overruled. The judgment of the Domestic Relations Division of the Medina Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 5 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellant.
 CARR, P. J. MOORE, J. CONCUR *Page 1