DECISION AND JOURNAL ENTRY
Appellant, Darlene F. Sweeney, appeals the division of property ordered by the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
 I.
In 1990, just prior to his marriage to appellant, Mark Sweeney, appellee, purchased a home located on Eugene Street for $54,000. Mr. Sweeney made a $20,000 down payment and executed a mortgage for the remaining $34,000. Appellant and appellee were married on August 17, 1990. Later in 1990, Mr. Sweeney executed a survivorship deed, making Mrs. Sweeney a joint owner of the property. Mr. Sweeney's stated intent was to provide for the child that his wife was carrying by having their residence pass to his wife upon his death.
In October 1992, Mr. and Mrs. Sweeney purchased a home on Lindsey Street. They sold their previous residence at a slight loss in April of 1993. On April 15, 1998, Mr. Sweeney filed an action for divorce in the trial court. After proceedings before a magistrate, the trial court granted the Sweeneys a divorce and found that the Lindsey residence was separate property of Mr. Sweeney rather than marital property, concluding that there was no marital equity in the residence. This appeal followed.
 II.
Mrs. Sweeney asserts three assignments of error. As her first and second assignments of error implicate similar issues, we will address them together.
A. First Assignment of Error
 THE TRIAL COURT ERRED IN ITS FINDING THAT THE APPELLEE DID NOT INTEND TO GIVE THE HOME TO THE WIFE [sic] AS A GIFT AND IN ITS ORDER THAT THE RESIDENCE PROPERTY AT 229 LINDSEY ROAD, MUNROE FALLS, OHIO WAS THE APPELLEE'S SEPARATE PROPERTY.
Second Assignment of Error
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS RULING THAT A PREPONDERANCE OF EVIDENCE REPRESENTED THE BURDEN OF PROOF TO REBUT THE PRESUMPTION THAT THE RESIDENCE PROPERTY AT 229 LINDSEY ROAD, MUNROE FALLS, OHIO WAS A MARITAL ASSET.
 Mrs. Sweeney avers that the trial court erred when it determined that Mr. Sweeney did not give a gift to his wife when the residence on Lindsey Road was purchased. Moreover, she asserts that the trial court erred as a matter of law by not requiring clear and convincing evidence to rebut the presumption that the residence is a marital asset. Finally, she argues that the trial court erred in its determination that the residence was a separate asset of Mr. Sweeney's. We disagree.
A trial court enjoys broad discretion in fashioning an equitable division of marital property and awarding spousal support. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,399; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. Accordingly, a trial court's decision on these matters will not be overturned absent an abuse of discretion. Blakemore,5 Ohio St.3d at 218. An abuse of discretion involves more than an error of judgment; it implies that the domestic relations court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 219. However, "[u]nlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107,108.
R.C. 3105.171(A)(3)(a)(iii) states that marital property includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both spouses that occurred during the marriage." Thus, an increase in value due to either spouse's efforts is marital property.Middendorf, 82 Ohio St.3d at 400. Generally, funds and property that were possessed by each spouse prior to the marriage are non-marital property, as is the interest or increase in value of those assets absent the efforts of either spouse or a conversion into marital property by gift. Nine v. Nine (Mar. 1, 1995), Summit App. No. 16625, unreported, at 9, fn. 1; R.C.3105.17.1(A)(6)(a).
When a court is asked to determine whether real property acquired prior to the marriage was converted into marital property by one spouse granting another an interest in the real property, the key issue is donative intent. Helton v. Helton (1996),114 Ohio App.3d 683, 685; Moore v. Moore (1992), 83 Ohio App.3d 75,78.
 The essential elements of an inter vivos gift are "(1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it."
 Helton, 114 Ohio App.3d at 685-86, quoting Bolles v. Toledo Trust Co. (1936), 132 Ohio St. 21, paragraph one of the syllabus. Moreover, when a spouse executes a deed "granting the other spouse possession during their joint lives, the other spouse [has] gained an interest in the property." Moore, 83 Ohio App.3d at 78.
In the instant case, Mr. Sweeney purchased the Eugene Street home prior to the marriage, utilizing $20,000 of his own funds for the down payment. The remaining portion of the purchase price was mortgaged. The mortgage was paid with separate funds including a gift from Mr. Sweeney's parents to him individually and payment from a trust fund of which Mr. Sweeney alone was the beneficiary. See R.C. 3105.171(A)(6)(a). Hence, we conclude that the trial court did not abuse its discretion in concluding that the Eugene Street home was purchased with separate property, and hence, the proceeds of its sale were Mr. Sweeney's separate property. Furthermore, we cannot find error in the trial court's determination that any contributions from marital assets were deminimis and insufficient to convert the money derived from the sale of the home into marital property as the trial court gave Mrs. Sweeney greater spousal support by way of compensation.
The Lindsey Road residence was purchased using Mr. Sweeney's separate funds arising from sources including the sale of the Eugene Street residence and distributions from Mr. Sweeney's trust. See id. Hence, we cannot conclude that the trial court abused its discretion by concluding that the Lindsey Road residence was purchased with separate funds and, hence, was a separate asset.
Mrs. Sweeney asserts that if the Lindsey Road residence was not purchased with marital assets, Mr. Sweeney gave her a joint interest in the residence as a gift. The trial court determined that Mr. Sweeney's intent in executing the deeds which gave his wife a possessory interest was not donative, but rather, his intent was to provide for their daughter in the case of his demise. After reviewing the evidence, we cannot conclude that the trial court abused its discretion in finding that Mr. Sweeney did not have the requisite intent when he executed the deeds. Furthermore, without such an intent, we cannot conclude that the trial court erred in finding that no gift occurred, and hence, the residence was not converted to marital property by one spouse's gift to another.
Mrs. Sweeney further asserts that the trial court erred as a matter of law in basing its decision on a preponderance of the evidence rather than requiring clear and convincing evidence. However, the trial court's opinion indicates that it based its decision regarding whether a gift was made on clear and convincing evidence. Accordingly, Mrs. Sweeney's first two assignments of error are overruled.
B. Third Assignment of Error
 THE TRIAL COURT ERRED IN ITS FINDING THAT ALL MONETARY CONTRIBUTIONS MADE TO PURCHASE THE PROPERTY AT 229 LINDSEY ROAD, MUNROE FALLS, OHIO WERE FROM APPELLEE'S SEPARATE FUNDS AND THAT THERE WAS NO MARITAL EQUITY IN SAID RESIDENCE PROPERTY.
 Mrs. Sweeney avers that the trial court erred when it concluded that the residence on Lindsey Road was purchased with Mr. Sweeney's separate assets. Essentially, Mrs. Sweeney argues that the trial court acted against the manifest weight of the evidence. We disagree.
When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897/97CA006907, unreported, at 3.
 "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
Construing the evidence in a light most favorable to sustaining the trial court's judgment, Mr. Sweeney purchased the Eugene Street home prior to the marriage, utilizing $20,000 of his own funds for the down payment, mortgaging the remainder of the purchase price. The mortgage was paid with separate funds including a gift from Mr. Sweeney's parents to him individually and funds from a trust fund of which Mr. Sweeney alone was the beneficiary. Hence, we conclude that the trial court did not act against the manifest weight of the evidence by concluding that the Eugene Street home was purchased with separate property and that the proceeds of its sale were Mr. Sweeney's separate property.
The Lindsey Road residence was purchased using Mr. Sweeney's separate funds arising from sources including the sale of the Eugene Street residence and distributions from Mr. Sweeney's trust fund. Hence, we cannot conclude that the trial court acted against the manifest weight of the evidence by concluding that the Lindsey Road residence was purchased with separate funds and, hence, was a separate asset. Mrs. Sweeney's third assignment of error is overruled.
 III.
Mrs. Sweeney's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
 ________________________ WILLIAM G. BATCHELDER
SLABY, J., CONCURS, CARR, J. DISSENTS WITH NO OPINION.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.