This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Charles Rick Farnsworth, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which granted the parties a judgment entry of divorce which included spousal support for appellee, Karen Farnsworth. This Court reverses and remands.
 I. {¶ 2} The parties were married on November 2, 1974. They have four children, all of whom were emancipated by June 2002. The appellant is forty-nine, was formerly employed by GTE, and is presently employed by Verizon. The appellee is forty-seven, was employed sporadically doing clerical and factory work during more recent years, but otherwise spent the duration of the parties' marriage as a fulltime housewife. Overall, both parties are in good physical and mental health. Appellee has carpal tunnel syndrome, temporomandibular joint disease, and prior problems with her knees and bladder. Appellant has not complained of any ailments during the parties' divorce proceedings.
 {¶ 3} Appellee filed a complaint for divorce on May 4, 2001. Appellant filed an answer and counterclaim for divorce on May 25, 2001. The parties were able to agree as to all aspects of the divorce except for the matter of spousal support for appellee. They agreed to submit the issue to the trial court based upon joint trial exhibits filed with the court, as well as their arguments contained in the parties' trial briefs. A hearing was held concerning the parties' complaint and counterclaim for divorce on May 23, 2002. The trial court entered its findings and order on July 13, 2002, and filed its judgment entry of divorce on August 15, 2002. In the judgment entry, the court ordered appellant to pay spousal support to appellee in the amount $3,000.000 per month until the death of either party or appellee's remarriage. The judgment entry also stated the court would retain jurisdiction over every aspect of spousal support between the parties.
 {¶ 4} Appellant timely appealed the judgment entry and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN ITS DETERMINATION OF SPOUSAL SUPPORT AS IT RELATES TO AN EXCESSIVE TERM AND AMOUNT."
 {¶ 5} In his sole assignment of error, appellant argues that the trial court erred in its determination of spousal support as it relates to an excessive term and amount. This Court agrees.
 {¶ 6} A trial court has wide latitude in awarding spousal support; however, a court's determination is controlled by R.C.3105.18(C)(1). Abram v. Abram, 9th Dist. No. 3233-M, 2002-Ohio-78. R.C.3105.18(C)(1) provides:
 "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support *** the court shall consider the following factors:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed[;]
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties.
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 7} A trial court is bound to consider all the factors contained in R.C. 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the trial court. Moore v. Moore
(1992), 83 Ohio App.3d 75, 78. An appellate court will not reverse a trial court's decision regarding spousal support absent an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 8} In the present case, appellant argues that the trial court abused its discretion in the amount and duration of spousal support it awarded appellee in the parties' divorce decree. After careful consideration of the record and the law relevant to the case, this Court finds that the amount of spousal support the trial court awarded appellee is unreasonable and inappropriate in light of the facts. The court ordered appellant to pay $3,000.00 a month to appellee with no definite termination date. The court reviewed appellant's W-2 forms from 1996 through 2000, as well as his tax return report for 2001, in order to decide the award amount for appellee. Using the dollar amounts the trial court refers to in its findings, appellant's yearly gross income averages to $67,805.00. The court's support order requires appellant to pay $36,000.00 a year to appellee. Such an amount hardly seems reasonable as it equals 53 percent of appellant's yearly gross income and, therefore, an even higher percentage of his actual income after taxes. Moreover, the court gave no date after which this amount would decrease, but instead states in its order that the "[s]pousal support shall continue until the death of either party or the wife's remarriage."
 {¶ 9} Furthermore, the trial court does not state that the amount was awarded to appellee to compensate her for any marital debt she assumed or for unequal property division between the parties. In this case, the parties had no marital debt and they agreed to the property division between them and stipulated to such. As part of that stipulation, they agreed that appellant would keep the house and pay appellee her half interest in the marital residence and the farm equipment for the property. The court ordered that appellant and appellee were responsible for their individual debt. The sole dispute was spousal support.
 {¶ 10} In its findings, the trial court referred to appellee as "a forty-seven year old housewife with minimal earning ability and limited work experience in the clerical field." It also referred to her lack of computer skills and the fact that she stayed home during most of the parties' 27 1/2 year marriage. The court addressed appellee's past and present physical ailments and seemed to conclude that she had little to no potential for employment.
 {¶ 11} While these factors require due consideration, this Court does not find they evidence that appellee is unable to obtain gainful employment or is resigned to minimal earning ability because she has no employable skills or work experience. Although appellee has some health problems, no evidence was presented that she is disabled and cannot work or obtain further training or education to better her chances of employment. The parties' four children are all emancipated and appellee no longer needs to devote herself to the job of raising them.
 {¶ 12} The Ohio Supreme Court has specifically provided certain factors to consider when determining the appropriate duration of spousal support in divorce cases.
 "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Kunkle v. Kunkle, 51 Ohio St.3d 64, paragraph one of the syllabus.
 {¶ 13} In the present case, although the parties' marriage is of a long duration, the parties are not of an advanced age, and appellee is not without opportunity to develop meaningful employment outside the home. This Court is troubled by the combination of such a high amount of spousal support awarded until either party dies or appellee remarries. As appellee is physically and mentally capable of learning skills for employment and educating herself, and now has the time to do so, she has the resources, ability and potential to be self-supporting and not remain financially dependent on appellant.
 {¶ 14} In light of these facts, the trial court's order that appellant pay appellee $3,000.00 a month until either party dies or appellee remarries is not appropriate or reasonable. This Court notes that even appellee's own request for support was lower than the amount the trial court awarded to her. We find the trial court did abuse its discretion in its award of spousal support to appellee in this case.
 {¶ 15} Appellant's sole assignment of error is sustained.
 III. {¶ 16} Accordingly, the judgment of the trial court is reversed and the cause remanded for proceedings consistent with this decision.
SLABY, P.J. and BAIRD, J. CONCUR.