OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellants, Al K. Paskonis ("Al"), David R. Graber ("David"), and Alma A. Graber ("Alma"), appeal from a judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, ordering an equitable division of marital property. For the reasons that follow, we affirm.
 {¶ 2} By way of background, Al and appellee, Deanna Paskonis ("Deanna"), were married on June 4, 1983. Two minor children were born as issue of this marriage. The subject of the instant appeal is a piece of real estate property (the "Harwood Property") owned jointly by Al and Deanna and located in Concord Township, Lake County, Ohio.
 {¶ 3} On April 4, 2000, Deanna filed a complaint for divorce, requesting the temporary and permanent custody of the two minor children, temporary and permanent child and spousal support, and an equitable division of the marital property. Al filed a timely answer and counterclaim for divorce.
 {¶ 4} On May 23, 2000, the court issued a judgment entry which established Al's temporary custody of the two minor children. The judgment further ordered Deanna to pay temporary child support in the sum of $443.62 per child, per month.
 {¶ 5} On June 1, 2000, Deanna filed a motion to add a new party and a motion for a restraining order. The motion to add a new party requested that David and Alma be joined as new party defendants due to David's involvement with a loan and transfer of the Harwood Property. The motion for restraining order asked the court to restrain all parties from selling, encumbering, mortgaging, or in any way alienating the Harwood Property.
 {¶ 6} On June 6, 2000, the court ordered that David and Alma be joined as new party defendants in this matter. The court further granted the requested restraining order on the Harwood Property.
 {¶ 7} Thereafter, Deanna and Al entered into a shared parenting plan which granted Al permanent custody of the two minor children. Also resolved were any child and spousal support issues, and Deanna and Al agreed to a division of their marital property. However, the parties were unable to settle their dispute with respect to the Harwood Property. As a result, four separate magistrate hearings were held to determine an appropriate division and/or distribution of the Harwood Property.
 {¶ 8} During the magistrate hearings, Deanna and Al testified that the purchase price of the Harwood Property was approximately $61,000 and that they held the property jointly. Deanna testified that the purchase of the Harwood Property was funded by the following three sources: (1) a mortgage note placed on real estate owned by Deanna and Al jointly; (2) a thrift plan loan taken out by Deanna with her employer; and (3) money received from David.
 {¶ 9} Al testified that the purchase of the Harwood Property was primarily funded by a $41,000 loan made by David to Al and Deanna. Additional testimony by Al revealed that, prior to the divorce, he used a power of attorney signed by Deanna to transfer the Harwood Property to David for $95,000. Al testified that, at the time of the transfer, the balance due on the promissory note held by David for the $41,000 loan was $80,000. Al stated that the property was transferred to David in consideration for $15,000 and the release of the remaining $80,000 debt.
 {¶ 10} Deanna, however, testified that she was never privy to the loan and believed that any money received from David was to pay for a previous debt David owed Al. She also challenged the validity of the power of attorney, stating that the power of attorney was not signed in front of a notary.
 {¶ 11} David testified that he loaned Al $41,000, plus interest, to purchase the Harwood Property and no payments had been made on the note. Neither David nor Al could present the original note to confirm the legitimacy of the loan because the note had been destroyed after the transfer of the Harwood Property.
 {¶ 12} On November 4, 2002, a magistrate's decision was issued which found that there was insufficient evidence "to prove how the Harwood Property was financed." The magistrate further found that there was a lack of evidence to demonstrate that Deanna was liable to David for the $41,000 loan and that the transfer of the Harwood Property was invalid due to "a lack of evidence to prove the legitimacy of the power of attorney." Thus, the magistrate declared the transfer of the Harwood Property void and awarded Deanna and Al each a one-half interest in said property.
 {¶ 13} Only David filed timely objections to the magistrate's decision. David's objections argued that the magistrate's decision regarding the Harwood Property was against the manifest weight of the evidence, as there was a lack of evidence to prove how the Harwood Property was financed and because the magistrate ignored evidence confirming the existence of an unpaid loan.
 {¶ 14} On May 22, 2003, following a hearing on David's objections, the court overruled his objections and adopted the magistrate's decision in its entirety. The court specifically stated that "it defies common sense to accept the testimony that the original record as to the purported * * * loan transaction would be destroyed just after completing a second transaction concerning the same property."
 {¶ 15} From this judgment, appellants filed a timely notice of appeal and now set forth the following two assignments of error for our consideration:
 {¶ 16} "[1.] The trial court erred in that the Magistrate's decision on the Harwood property was against the manifest weight of the evidence.
 {¶ 17} "[2.] The trial court committed reversible error and abused its discretion when it refused to hear the motion to Modify Support, filed July 22, 2002, and August 18, 2003."
 {¶ 18} Under their first assignment of error, appellants argue that the magistrate erred in finding the Harwood Property to be marital property and granting Deanna a one-half interest in the property. Specifically, appellants maintain that Deanna failed to contribute any funds to the purchase of the property. Rather, appellants conclude that the evidence confirms Al supplied all the funds used to purchase the Harwood Property through the $41,000 loan, a $10,000 seven-day certificate of deposit from Ohio Savings, and a separate $15,000 certificate of deposit. Therefore, appellants contend that the Harwood Property was not subject to an equitable division between Al and Deanna, as it was not marital property.
 {¶ 19} At the outset, we note that Al failed to submit objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides, in relevant part:
 {¶ 20} "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 21} Furthermore, pursuant to Civ.R. 53(E)(4)(a):
 {¶ 22} "* * * The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 23} In State ex rel. Booher v. Honda of Am. Mfg., Inc.,88 Ohio St.3d 52, 53-54, 2000-Ohio-269, the Ohio Supreme Court held that, pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal connected with the trial court's adoption of a magistrate's finding of fact or conclusion of law unless that party timely objected to the finding or conclusion as required under the rule. Our court has also held that "it is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal." (Citation omitted.) Thomas v. Thomas (Apr. 20, 2001), 11th Dist. No. 2000-T-0099, 2001 WL 409533, at 5. See, also,Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60, 66.
 {¶ 24} A review of the record before us demonstrates that Al failed to file any objections to the magistrate's decision. The only written objections submitted in the case sub judice were filed by David. These objections named David as the sole objecting party and were filed on behalf of David by his representative counsel.[1] Al failed to file any written objections and may not rely upon a third-party defendant's objections to preserve any error on appeal. Thus, Al has waived any assigned error with respect to the magistrate's division of the marital property on appeal.
 {¶ 25} Moreover, neither David nor Alma have standing to challenge the magistrate's decision to equally divide the Harwood Property between Al and Deanna as marital property. "[I]t is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Such party must be able to show that he has been prejudiced by the judgment of the lower court."Love v. Tupman (1969), 19 Ohio St.2d 111, 113. See, also, Ohio Sav. Bankv. Ambrose (1990), 56 Ohio St.3d 53, 56. The appellant "has the burden of showing that his rights have been adversely affected by the trial court's judgment." Ball v. Ball (Dec. 30, 1994), 11th Dist. No. 93-P-0054, 1994 Ohio App. LEXIS 5970, at 6.
 {¶ 26} Here, David and Alma fail to establish how the magistrate's decision to divide the property equally between Al and Deanna adversely affected their rights. David's testimony revealed that the $41,000 loan was not secured by a mortgage on the Harwood property, to wit:
 {¶ 27} "The Magistrate: * * * [The loan] is either secured or it isn't secured and his consideration doesn't have anything to do with it.
 {¶ 28} "Is there a mortgage against the property?
 {¶ 29} "The Witness: No.
 {¶ 30} "The Magistrate: Okay. Did anyone ever give you a mortgage against the property?
 {¶ 31} "The Witness: No.
 {¶ 32} "The Magistrate: Did you ever ask for one?
 {¶ 33} "The Witness: No
 {¶ 34} "The Magistrate: Okay. So the [Harwood] property is not security for anything."
 {¶ 35} The aforementioned testimony established that David and Alma held no interest in the Harwood Property. Accordingly, David and Alma only had an interest in obtaining restitution for the loan, and the division of the Harwood Property is irrelevant to that interest. As the magistrate stated in his decision, "the validity of [David's] claim for reimbursement from Al and Deanna is not determined herein and he is free to seek restitution in a court of general jurisdiction." Therefore, neither David nor Alma have standing to challenge the court's ruling that the Harwood Property was to be divided equally, as they were not prejudiced by this specific ruling.
 {¶ 36} Despite Al's failure to object and David and Alma's lack of standing, the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it. Civ.R. 53(E)(4)(a). Upon a review of the record before us, we conclude that the court conducted a sufficient review of the magistrate's decision and there are no apparent errors on the face of the decision. Thus, appellants' first assignment of error is without merit.
 {¶ 37} Under the second assignment of error, Al contends that the trial court abused its discretion by refusing to set a hearing for two separate motions to modify child support filed by Al on July 22, 2002, and August 18, 2003.[2] We disagree.
 {¶ 38} In reviewing matters concerning child support, the Ohio Supreme Court has held that an abuse of discretion standard is to be employed.Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Accordingly, the decision of a trial court in determining child support issues will not be reversed unless the court's decision is unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 39} After careful examination of the record before us, there is no evidence that a motion for modification of child support was filed on July 22, 2002. The only motion for modification for child support was filed by Al on August 18, 2003. The August 18, 2003 motion for modification requested that the court modify its child support order of May 23, 2000, which ordered appellee to pay child support in the sum of $443.62 per child, per month.
 {¶ 40} Pursuant to Civ.R. 75(N)(2), "[u]pon request, in writing, after any temporary spousal support, child support, or order allocating parental rights and responsibilities for the care of children is journalized, the court shall grant the party so requesting an oralhearing within twenty-eight days to modify the temporary order." (Emphasis added.) Thus, it was incumbent upon Al to make a written request for an oral hearing. See, e.g., Tate v. Wells, 3rd Dist. No. 15-04-06, 2004-Ohio-4161.
 {¶ 41} Al's August 18, 2003 motion to modify child support failed to request a hearing. Thus, the second assignment of error is without merit.
 {¶ 42} Based upon the foregoing analysis, we hereby affirm the judgment of the Lake County Court of Common Pleas, Domestic Relations Division.
Ford, P.J., Rice, J., concur.
[1] Al was represented by separate counsel during the trial court proceedings.
[2] The appellate brief expressly states that David and Alma are not part of the second assignment of error and do not challenge the child support ruling.