[Cite as *Louis v. Louis*, 2011-Ohio-4463.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                           )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE      )

ARVY LOUIS

      Appellee

      v.

CHARLES LOUIS

      Appellant
C.A. No.     10CA0047


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     09 DR 0179

DECISION AND JOURNAL ENTRY

Dated: September 6, 2011

---

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Charles and Arvy Louis divorced after nearly 40 years of marriage. At the time of the divorce, they owned two houses. Ms. Louis had purchased one of the houses before marrying Mr. Louis. Mr. Louis had inherited the other, but had transferred title into both of their names. A magistrate recommended that the trial court find that both houses were marital property. Mr. Louis objected to the magistrate's decision, but the trial court overruled his objection. The court ordered both houses to be sold and the net proceeds to be split between the parties. Mr. Louis has appealed, assigning as error that the trial court's finding that the house he

had inherited was marital property was against the manifest weight of the evidence. We affirm because the trial court's determination that the house became marital property is supported by some competent, credible evidence.

## MARITAL PROPERTY

{¶2} Mr. Louis's assignment of error is that the trial court's decision to uphold the magistrate's finding that he converted his separate property into marital property was against the manifest weight of the evidence. He has argued that Ms. Louis failed to prove that he gave an interest in the house to her as a gift.

{¶3} "In divorce proceedings, the court shall . . . determine what constitutes marital property and what constitutes separate property." R.C. 3105.17.1(B). "'Marital property' means . . . [a]ll real and personal property that currently is owned by either or both of the spouses . . . [and] [a]ll interest that either or both of the spouses currently has in any real or personal property . . . that was acquired by either or both of the spouses during the marriage[.]" R.C. 3105.17.1(A)(3)(a)(i-ii). "Marital property," however, "does not include any separate property." R.C. 3105.17.1(A)(3)(b). "'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be . . . [a]n inheritance by one spouse by bequest, devise, or descent during the course of the marriage[.]" R.C. 3105.17.1(A)(6)(a)(i).

{¶4} Whether property is marital or separate property is a question of fact. *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, at ¶6. We review the trial court's finding to determine whether it was against the manifest weight of the evidence. *Id*. In *State v. Wilson*, 113 Ohio St. 3d 382, 2007-Ohio-2202, at ¶26, the Ohio Supreme Court held that the test for

whether a judgment is against the weight of the evidence in civil cases is different from the test applicable in criminal cases. According to the Supreme Court in *Wilson*, the standard applicable in civil cases "was explained in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279." *Id*. at ¶24. The "explanation" in *C.E. Morris* was that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id*. (quoting *C.E. Morris Co.*, 54 Ohio St. 2d at syllabus); but see *Huntington Nat'l Bank v. Chappell*, 183 Ohio App. 3d 1, 2007-Ohio-4344, at ¶17-75 (Dickinson, J., concurring in judgment only).

{¶5} Ms. Louis does not dispute that Mr. Louis inherited the house in 1986 and that it was his separate property at that time. She has argued, however, that the house became marital property in 1998 when Mr. Louis conveyed an interest in it to her.

{¶6} Under Section 3105.17.1(H) of the Ohio Revised Code, the mere "holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property." Rather, courts must determine whether transmutation has occurred. See *Starr v. Starr*, 9th Dist. No. 16817, 1995 WL 338496 at *5 (June 7, 1995). "Transmutation is [the term] generally used to describe the process by which independent or nonmarital property has changed to marital property or vice versa *by deed or gift* from one party to another." *Kampf v. Kampf*, 11th Dist. No. 90-A-1503, 1991 WL 70785 at *4 (May 3, 1991); *Dunlap v. Dunlap*, 12th Dist. No CA83-09-063, 1984 WL 3431 at *2 (Sept. 28, 1984). "Numerous appellate districts in Ohio have recognized that separate real property can be transformed by the grantor spouse into marital property by a gratuitous transfer to the grantee spouse of a present interest in the property." *Helton v. Helton*, 114 Ohio App. 3d 683, 686 (1996) (citing cases from the fourth, sixth, and eleventh district). This Court

reached the same conclusion in *Moore v. Moore*, 83 Ohio App. 3d 75, 78 (1992) (concluding that record supported trial court's finding that spouses who executed deeds granting the other spouse possession of their separate property during their joint lives intended to convert that property to marital property).

{¶7} This Court has identified "six factors a court should consider when determining whether [a deed] . . . transmuted [separate property] into marital property, which are: (1) the expressed intent of the parties as far as it can be determined; (2) the source of the funds used to acquire the property; (3) the circumstances which surround the property's acquisition; (4) the beginning and ending dates of the marriage, the acquisition of the property, and the claimed transmutation; (5) the inducement for and/or purpose of the transaction which gave rise to the alleged transmutation; and (6) the value of the property and its significance to the parties." *Hazen v. Hazen*, 9th Dist. No. 2159, 1993 WL 261566 at *1-2 (July 14, 1993) (citing *Kuehn v. Kuehn*, 55 Ohio App. 3d 245, 246 (1988)); see also *Barkley v. Barkley*, 119 Ohio App. 3d 155, 161 (1997) (noting that Section 3105.17.1(H) is "a legislative ratification of the flexible approach [to transmutation] adopted by *Kuehn*[.]"). The use of the *Kuehn* test has been limited by Section 3105.17.1(A)(6)(b) of the Ohio Revised Code, which provides that "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." *Hirt v. Hirt*, 9th Dist. No. 03CA0110-M, 2004-Ohio-4318, at ¶19 (noting that R.C. 3105.17.1(A)(6)(b) restricted the application of the *Kuehn* test). Section 3105.17.1(A)(6)(b) does not apply in this case, however, because the question of whether Mr. Louis's house became marital property does not involve commingled property or the tracing of assets. The focus of the

analysis, instead, is on Mr. Louis's intent at the time he deeded an interest in the house to Ms. Louis.

{¶8} At times, this Court has analyzed whether transmutation has occurred to real property using the test for an inter vivos gift. See *Sweeney v. Sweeney*, 9th Dist. No. 19709, 2000 WL 799095 at *2 (June 21, 2000). "The essential elements of an *inter vivos* gift are '(1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it.'" *Id.* (quoting *Helton v. Helton*, 114 Ohio App. 3d 683, 685 (1996)). A deed, however, is considered delivered when it is recorded. *Algren v. Algren*, 183 Ohio App. 3d 114, 2009-Ohio-3009, at ¶20 ("One who . . . records a deed that names the recipient as grantee . . . satisfies the delivery requirement"); see *West v. West*, 9th Dist. No. 01CA0045, 2002 WL 388845 at *4 (Mar. 13, 2002). Accordingly, when the test for an inter vivos gift is applied to real property, the "key issue is donative intent." *Sweeney*, 2000 WL 799095 at *2.

{¶9} Upon review of our case law, we conclude that, when real property is involved, the six-factor *Kuehn* test leads to a more thorough analysis of whether separate property has become marital property than the test for an inter vivos gift. We note, however, that, under either test, the intent of the parties is the focus of the inquiry.

{¶10} According to Mr. Louis, he added Ms. Louis to the deed as a joint tenant with right of survivorship in 1998 when he and Ms. Louis co-signed a loan for their daughter and had to put the house up as collateral. Mr. Louis testified that the idea was suggested to him by a mortgage broker he had worked with on another loan and that he had no objection to Ms. Louis

owning part of the house. He said that, because they had been married for so long, he figured that "everything was everybody's." He also thought that the transfer of the property to a joint survivorship deed would "help out down the road." Mr. Louis testified that Ms. Louis did not ask or force him to put her on the deed, but it was something that he did willingly.

{¶11} Considering Mr. Louis's testimony that he willingly transferred an interest in his inherited property to Ms. Louis because, in light of the length of the marriage, he considered all of their property to be joint and because he thought it would make things more convenient for them in the future, we conclude that the trial court's finding that the house was marital property is supported by some competent, credible evidence. See *Helton v. Helton*, 114 Ohio App. 3d 683, 687 (1996) (concluding residence was marital property because husband intended to convey a present possessory interest in the residence when he executed a joint survivorship deed to his spouse and himself); *Moore v. Moore*, 83 Ohio App. 3d 75, 78 (1992) (same). Mr. Louis's assignment of error is overruled.

## CONCLUSION

{¶12} The trial court's determination that the house Mr. Louis inherited was marital property is not against the manifest weight of the evidence. The judgment of the Wayne County Domestic Relations Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

DAVID L. MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellant.

ROSANNE K. SHRINER, Attorney at Law, for Appellee.