[Cite as *Sandhu v. Sandhu*, 2015-Ohio-90.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ANNA SANDHU

    Appellee

    v.

PARAMBIR SANDHU, et al.

    Appellant

C.A. No.     27207

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2012-07-1971

DECISION AND JOURNAL ENTRY

Dated: January 14, 2015

---

BELFANCE, Presiding Judge.

{¶1} Mandip Sandhu appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm.

I.

{¶2} Parambir Sandhu ("Husband") is a United States citizen and lived in Ohio with his father, Appellant, Mandip Sandhu and his mother, Balwinder Sandhu. In 2009, Husband traveled to India and, after a 10-day engagement, married Anna Sandhu ("Wife") in India. During the ceremony, Wife wore jewelry that had been provided by Dr. Sandhu and his wife. Husband and Wife lived in India for approximately six months and then moved to the United States in 2010. They began living with Husband's parents and eventually purchased a condominium in Cuyahoga Falls with assistance from Husband's parents.

{¶3} Eventually, Wife filed for divorce, naming Husband and Dr. Sandhu as defendants. Dr. Sandhu filed a counterclaim, seeking the return of his medical and financial

records allegedly in Wife's possession as well as various items of jewelry that had been worn during the wedding ceremony or given to Wife before and after the wedding. During trial of the matter, Dr. Sandhu testified that the jewelry was not intended as a gift to Wife. Conversely, Wife testified that the jewelry had been given to her as a gift. Following a trial, the court issued a final decree of divorce in which it awarded Wife the jewelry. Dr. Sandhu has appealed, raising three assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY APPLYING INDIA LAW TO THIS CASE[.]

{¶4} In Dr. Sandhu's first assignment of error, he argues that the trial court was prohibited from applying the law of India to this case because two exhibits containing Indian law were not disclosed prior to trial. Dr. Sandhu argues that, pursuant to Civ.R. 44.1(b), Wife was required to give reasonable notice of her intent to rely on the law of a foreign country and that, because Wife did not do so, the trial court erroneously admitted Exhibit 17, a certified document reflecting the Dowry Prohibition Act of 1961, and Exhibit 17A, a document regarding "Stridhan" law which provides, in part, that things of value given to the bride on the day of the wedding remain her property.

{¶5} Wife did not advance the disputed exhibits during her direct examination. Rather, she testified on direct examination that certain items of jewelry were given to her as gifts at various times including before, during and after the wedding. She testified that these items were given to her, that she accepted them and also provided detail as to periods of time in which the jewelry was in her possession as well as her unfettered access to the jewelry during points in time where it was stored for safekeeping at her in-law's home.

{¶6}    Dr. Sandhu testified that he did not intend to give any of the jewelry as a gift. He stated that in March 2010, he brought the jewelry to the United States and kept it in a safe in his home where it remained until he found it was missing around the time of the divorce action.

{¶7}    Husband also testified about the jewelry and stated that, after the wedding, it was given back to his mother and put in a safe in his parent's bedroom. During cross examination, Husband was asked if he agreed with the statement that Wife is the owner of any valuable given at the time of marriage. Husband's attorney objected to the question, and Dr. Sandhu's counsel did not. The trial court did not rule on the objection, and, eventually, Husband stated that he had heard of the Indian laws but did not know the "full legal * * * aspects." During rebuttal, Wife was asked about the term "Sikh" and identified it as a religion. She further stated that all religions were bound by the laws of India and that dowry was prohibited in India. She testified that "there is a law called Stridhan which states that everything that was given on the day of wedding, all the jewelry, all the money and everything else, it has to be in the possession of * * * the bride, and whatever gifts were given to the male's groom's family by the female family, they have to return the gifts to her right away, which was never returned to me ever." Only Husband's counsel objected to the testimony on the ground that it went beyond the scope of the rebuttal. On surrebuttal examination, Husband's counsel asked whether Wife was aware of the "Anand [M]arriage [A]ct." Wife responded that she didn't think there was any.

{¶8}    Upon offering exhibits, Wife sought the introduction of Exhibits 17 and 17A. Dr. Sandhu's counsel objected on the basis of hearsay and also argued that the document had not been provided prior to trial. The trial court responded, "If we are going to start objecting to exhibits because you didn't get it until the trial started, there's going to be a lot of exhibits that

don't come in[,]" referencing the repeated objections by Wife's counsel that exhibits had not been given to him prior to trial.

{¶9} It is well established that the admission or exclusion of evidence lies within the discretion of the trial court. *Ward v. Ward*, 9th Dist. Summit No. 26372, 2012-Ohio-5658, ¶ 14. Dr. Sandhu has not explained why the trial court's determination that it would not exclude exhibits due to lack of prior disclosure was an abuse of its discretion in the context of this case. Moreover, Dr. Sandhu has not argued on appeal that the trial court erroneously admitted the document on the basis of hearsay as he argued at trial.

{¶10} Accordingly, given Dr. Sandhu's limited argument, his first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY OHIO GIFT LAW TO THE FACTS OF THIS CASE[.]

{¶11} Although Dr. Sandhu's third assignment of error is couched in terms of whether the trial court applied Ohio law, his argument in support of the assignment of error is that Wife "failed to demonstrate by clear and convincing evidence that [Husband's parents] intended to give [her] the ancestral jewelry that she wore on her wedding day." Essentially, Dr. Sandhu is making a manifest weight challenge to the court's finding that the jewelry was a gift.

{¶12} When reviewing the manifest weight of the evidence in civil matters,

[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Internal quotations and citations omitted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

**{¶13}** The question before the lower court was whether Dr. Sandhu and his wife had given the disputed jewelry to Wife as a gift.

> The essential elements of an inter vivos gift are (1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it.

(Emphasis omitted.) (Internal quotations and citations omitted.) *Louis v. Louis*, 9th Dist. Wayne No. 10CA0047, 2011-Ohio-4463, at ¶ 8.

**{¶14}** Dr. Sandhu argues, pointing to his testimony and that of his wife, that the trial court lost its way when it found that he and his wife had given the jewelry to Wife. Dr. Sandhu's wife testified that the jewelry had been in her family for many years and that she had never intended to give it to Wife. She also testified that, after the wedding, Wife immediately returned the jewelry to her and she put it in her closet. Dr. Sandhu's testimony about the disputed jewelry generally corroborated his wife's testimony that they had not intended to give the jewelry to Wife and that Wife had returned the jewelry to them immediately after the wedding. Dr. Sandhu testified that, if he had intended to give Wife the jewelry, he would have given her the receipts for the jewelry.

**{¶15}** While Dr. Sandhu has pointed to significant portions of the record that could support his position, his argument ignores the trial court's repeated finding in the divorce decree that his testimony lacked credibility. *See State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28 (noting that the trier of fact is able to observe a witness's demeanor and, therefore, is in the best position to determine credibility). It also ignores Wife's testimony about the jewelry. Wife testified at trial that she had received the disputed jewelry as a gift from Dr. Sandhu's wife on her wedding day. According to Wife, Dr. Sandhu's wife presented the jewelry

to her, and she accepted it. After the wedding, she put it in her personal locker, and no one ever told her that she had to return it. Wife also testified that her family had given jewelry to members of Husband's family in a similar fashion and that the recipients remained in possession of those items. Wife further testified that she only relinquished control of the jewelry on limited occasions, such as when she travelled to take her medical licensure exams.

{¶16} It is important to note that the trier of fact is in the best position to judge credibility. If believed, Wife's testimony would support the conclusion that Dr. Sandhu and his wife had given the disputed jewelry to her as a gift. While the testimony of Dr. Sandhu and his wife contradicted Wife's testimony, the record reflects that the trial court questioned Dr. Sandhu's credibility, which could well have influenced the weight the trial court accorded the testimony of Dr. Sandhu's wife given that she generally testified to the same facts as he did. *See id.* at ¶ 28. Thus, after a thorough review of the record, we cannot say that the trial court lost its way and committed a manifest miscarriage of justice when it found that Dr. Sandhu and his wife had given the jewelry to Wife as a gift.

{¶17} Accordingly, Dr. Sandhu's third assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT MISAPPLIED INDIA LAW IN THIS CASE.

{¶18} In his second assignment of error, Dr. Sandhu argues that the trial court failed to correctly apply the Dowry Prohibition Act to the facts of this case. Dr. Sandhu's argument is premised upon his contention that the trial court actually applied the laws of India in determining whether he and his Wife intended to give the jewelry to Wife as a gift. However, the record before us suggests otherwise.

{¶19} As noted above, Wife testified that all of the jewelry was given to her as a gift. The Sandhus testified that they did not intend to give any of the jewelry as a gift. The record reflects that the parties presented substantial and conflicting testimony on the question of whether the jewelry given to Wife was intended as a gift. The record also reflects that Wife did not present Exhibits 17 and 17A as a part of her direct testimony but, rather, did so only on rebuttal to rebut Dr. Sandhu's contention that, pursuant to Indian custom, the jewelry was not intended as a gift. In any case, the trial court found Dr. Sandhu was not a credible witness and found that, "[a]s part of the engagement and wedding in India, Wife was *given* jewelry." (Emphasis added.). It did not cite any Indian authority in making that determination.

{¶20} The court did subsequently refer to Exhibits 17 and 17A, noting that, "[u]nder India law, the jewelry is [Wife's] separate property." However, whether a gift is marital property or the separate property of one of the spouses, is a separate inquiry from whether Wife obtained the jewelry as a result of a gift from Husband's parents. Thus, even assuming the trial court applied Indian law, it applied it to determine whether the disputed jewelry was marital or separate property, not to determine whether the items of jewelry were actually gifts. As Husband has not appealed, the propriety of the division of property between Husband and Wife is not before us. *See, e.g., Louis*, 2011-Ohio-4463, at ¶ 8 (noting that a donor intends to relinquish all title and claim to an item given as a gift); *Paskonis v. Paskonis*, 11th Dist. Lake No. 2003-L-211, 2004-Ohio-7240, ¶ 25-35 (Creditors lacked standing to appeal the classification of real property as marital property when the property did not secure the debt.).

{¶21} Thus, reading the divorce decree in its entirety, it is evident that the trial court did not apply Indian law to the issue pertinent to this appeal, which is whether the disputed jewelry

was a gift. This was in keeping with the arguments made at trial and the testimony presented by the parties. Accordingly, Dr. Sandhu's second assignment of error is overruled.

## II.

**{¶22}** Dr. Sandhu's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

GARY T. MANTKOWSKI, Attorney at Law, for Appellant.

CHARLES E. GRISI, Attorney at Law, for Appellee.