**[Cite as *Sharp v. Sharp*, 2020-Ohio-3537.]**

STATE OF OHIO )　　　　　　　IN THE COURT OF APPEALS
　　　　　　　　　　　　　)ss:　　　　　NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

LYNNE SHARP

　　　Appellant

　　　v.

GLENN SHARP

　　　Appellee

C.A. No.　　　19AP0046


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.　　2017 DR-B 00337

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

TEODOSIO, Judge.

{¶1}　Lynne Sharp appeals the judgment of the Wayne County Court of Common Pleas. We reverse and remand.

I.

{¶2}　In 2017, Lynne Sharp filed for divorce from her husband, Glenn Sharp. A final hearing was conducted in October and November of 2018, with both a magistrate's decision and judgment entry issuing on February 5, 2019. A nunc pro tunc magistrate's decision and a nunc pro tunc judgment entry were subsequently issued on February 7, 2019.

{¶3}　At issue during the proceedings was the disposition of certain real property located in Burbank, Ohio, which had been the marital residence of the parties. The property had been acquired in a "like-kind" exchange for a Bill Jenkins racecar ("Grumpy's Toy"), which had been purchased by Mr. Sharp prior to the marriage. During the marriage, the Sharps took Grumpy's Toy to various car shows in order to promote the vehicle and raise interest. After eventually

finding a purchaser for the vehicle, an arrangement was made whereby So-Cal Collectibles purchased real estate in Burbank, Ohio, and transferred their interest in the property to Ms. Sharp, in her sole name, via a quitclaim deed, in exchange for Grumpy's Toy. This arrangement was made, in part, to avoid tax liability.

{¶4} The trial court determined the property was Mr. Sharp's separate property, and not marital property, because it was directly traceable to Grumpy's Toy, which was purchased before the marriage. The trial court further found that Mr. Sharp lacked the donative intent necessary to have made an inter vivos gift of the property to Ms. Sharp. Both parties filed objections to the magistrate's decision, which were overruled by the trial court on July 19, 2019. Ms. Sharp now appeals, raising three assignment of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERR[ED] WHEN IT FAILED TO RECOGNIZE[] THAT IF THE RESIDENCE LOCATED AT 13915 FRIENDSVILLE ROAD, BURBANK, OHIO[,] WAS GLENN SHARP'S SEPARATE PROPERTY UPON PURCHASE, GLENN THEN GIFTED AN EQUITABLE INTEREST TO LYNNE SHARP AS AN INTER VIVOS GIFT.

{¶5} In her first assignment of error, Ms. Sharp argues the trial court erred in finding there was no evidence of Mr. Sharp's donative intent to gift her an equitable interest in the subject property, and contends the property "must be considered a marital asset based upon an inter vivos gift * * *." We agree.

{¶6} "R.C. 3105.171(B) provides that, in a divorce proceeding, the trial court must classify the parties' property as either marital property or separate property, after which it must divide the property equitably." *Fetzer v. Fetzer*, 9th Dist. Wayne No. 12CA0036, 2014-Ohio-747, ¶ 22. Marital property includes all real and personal property owned by the parties that was

acquired by either or both of them during the marriage. R.C. 3105.171(A)(3)(a)(i). Marital property also includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage[.]" R.C. 3105.171(A)(3)(a)(iii). "Marital property" does not include separate property. R.C. 3105.171(A)(3)(b). "'Property acquired during a marriage is presumed to be marital property unless it can be shown to be separate.'" *Collins v. Collins*, 9th Dist. Summit No. 27311, 2015-Ohio-2618, ¶ 38, quoting *Reed v. Reed*, 3d Dist. Allen No. 1-09-63, 2010-Ohio-4550, ¶ 8.

{¶7} R.C. 3105.171(A)(6)(b) provides: "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." "Accordingly, traceability is the issue when determining whether separate property remains separate property once it has been commingled with marital property." *Bucalo v. Bucalo*, 9th Dist. Medina No. 05CA0011-M, 2005-Ohio-6319, ¶ 13, citing *Wheeler v. Wheeler*, 9th Dist. Medina No. 3188–M, 2001 WL 1581574, *2 (Dec. 12, 2001). "The party seeking to have the commingled property deemed separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to his or her separate property." *West v. West*, 9th Dist. Wayne No. 01CA0045, 2002 WL 388845, *5 (Mar. 13, 2002).

{¶8} "[B]y statute, the holding of title to property, even by both spouses in a form of co-ownership, does not, by itself, determine whether the property is marital property." *Helton v. Helton*, 114 Ohio App.3d 683, 686 (2d Dist.1996), citing R.C. 3105.171(H). However, "title can be some evidence of the parties' intent as to the nature of the asset being marital or separate." *Gallo v. Gallo*, 11th Dist. Lake No. 2000–L–208, 2002–Ohio–2815, ¶ 25.

{¶9} Spouses may change separate property into marital property during the course of the marriage through an inter vivos gift of the property from the donor spouse to the donee spouse.

*Salmon v. Salmon*, 9th Dist. Summit No. 22745, 2006-Ohio-1557, ¶ 19. "The essential elements of an inter vivos gift are: (1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2) in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it." *Id.*, quoting *Helton* at 685-686. When the test for an inter vivos gift is applied to real property, the key issue is donative intent. *Louis v. Louis*, 9th Dist. Wayne No. 10CA0047, 2011-Ohio-4463, ¶ 8. "When the record contains little direct evidence on the issue of donative intent we must look to the totality of the circumstances." *Osborne v. Malkamaki*, 11th Dist. Lake No. 2012-L-134, 2014-Ohio-2874, ¶ 30. The burden is on the donee to show by clear and convincing evidence that an inter vivos gift was made. *Wohleber v. Wohleber*, 9th Dist. Lorain Nos. 08CA009402 and 08CA009403, 2009-Ohio-995, ¶ 16.

{¶10} Because the determination of whether property is marital or separate is a fact-based determination, we review a trial court's decision under a manifest-weight-of-the-evidence standard. *Morris v. Morris*, 9th Dist. Summit No. 22778, 2006-Ohio-1560, ¶ 23. "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. Only where the evidence presented weighs heavily in favor of the party seeking reversal will the appellate court reverse. *Id.* Manifest weight of the evidence pertains to the burden of persuasion. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 19. "In weighing the evidence, the

court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶11} It is undisputed by either party that Mr. Sharp owned Grumpy's Toy prior to the marriage. Furthermore, as determined by the trial court, the sale of Grumpy's Toy is directly traceable to the acquisition of the real property in question. Although the real property was thus traceable to Mr. Sharp's separate property, Ms. Sharp contends she received an interest in the property by virtue of an inter vivos gift, and that it must therefore be characterized as marital property. In support of her argument, Ms. Sharp has pointed us to persuasive authority that this Court finds relevant to our analysis.

{¶12} In *Neighbarger v. Neighbarger*, 10th Dist. Franklin No. 05AP–651, 2006–Ohio–796, the Tenth Appellate District considered a case where a husband transferred farmland via quitclaim deed to his wife shortly prior to their marriage. *Id.* at ¶ 21. Because the husband acquired the farmland prior to the marriage, it would have normally been considered his separate property. During the divorce proceedings, the husband claimed that the farmland was his traceable separate property because he had not intended to make a gift to the wife by transferring the property to her; rather, he contended that his motive was to shield the farmland pending criminal charges and possible civil judgments against him. *Id.* at ¶ 17. The Tenth District rejected the husband's argument, concluding:

> There is no question that [husband] intended, in 1990 [when he transferred the property to wife], to create a legal barrier between himself and the property. His stated objective was to shelter his assets from any financial risk arising from the criminal charges against him. If the outcome of the criminal trial had been different, he most certainly would have argued that he had no assets to satisfy whatever financial liability might have arisen * * *. Having made that choice for his own benefit in 1990, to the detriment of his children and creditors, we will not allow appellant to turn his deliberate action into a legal fiction for his own benefit again. He intended to transfer the property and, as evidenced by the quitclaim deed, he did transfer the property.

*Id.* at ¶ 25.

{¶13} Likewise, in *Strasburg v. Strasburg*, 3d Dist. Auglaize No. 2-10-12, 2010-Ohio-3672, the Third Appellate District considered a situation where a husband inherited farmland during a marriage and conveyed the property to his wife by quitclaim deed because he was concerned about the risk that he would be sued. Noting the similarities to *Neighbarger*, the Third District Court of Appeals concluded the trial court had not erred in determining that the farmland was marital property, and not the husband's separate property, observing that "had [husband] been sued, he doubtlessly would have argued that the farmland was [wife's] sole property, and was not an asset subject to any ensuing financial liability." *Id.* at ¶ 22. The Court further noted that "[r]egardless of [husband's] testimony that he did not intend to relinquish ownership or waive his rights to the property, the fact remain[ed] that [husband] deeded the farmland to [wife] solely via quitclaim deed, and did not retain any reserved rights or joint rights to the property." *Id.*

{¶14} In *Soley v. Soley*, 6th Dist. Huron No. H-16-021, 2017-Ohio-2817, the Sixth Appellate District examined a case where a husband deeded a portion of his real property to his wife during their marriage in an effort to avoid creditors. *Id.* at ¶ 2. During divorce proceedings, the trial court determined that the property did not constitute a gift because the husband did not possess the requisite donative intent when he executed the quitclaim deed. *Id.* at ¶ 4-5. The trial court further determined that because the property was wholly traceable from prior to the marriage, the execution of the deed had no impact on its characterization as separate property. *Id.* at ¶ 4. While the Sixth District Court of Appeals observed that the "mere execution of a deed transferring title from one spouse to another does not convert property that is otherwise separate property into marital property[,]" it determined that the trial court erred in completely disregarding the relevance of the transfer. *Id.* at ¶ 22-23. The Court concluded that "a transferor of property acts with donative

intent when transferring property for the purpose of avoiding creditors." *Id.* at ¶ 26. *See Wolf-Sabatino v. Sabatino*, 10th Dist. Franklin No. 10AP-1161, 2011-Ohio-6819, ¶ 73, quoting *Dever v. Dever*, 12th Dist. Warren No. CA98-07-050, 1999 WL 211772, *6 (Apr. 12, 1999) ("Courts have held that when 'a transferor transfers his interest in real property for a specific purpose other than ownership, the transferor has demonstrated donative intent.'"). Consequently, the Sixth Appellate District went on to conclude that the trial court's determination that the husband lacked donative intent was against the manifest weight of the evidence, as was its classification of the property as the husband's separate property. *Soley* at ¶ 26. *Compare Sweeney v. Sweeney*, 9th Dist. Summit No. 19709, 2000 WL 799095, *3 (June 21, 2000) (finding no donative intent where wife was made a joint owner of property by execution of a survivorship deed).

{¶15} In the case presently before our review, Ms. Sharp was listed as the seller of Grumpy's Toy and the real property was transferred solely to her by quitclaim deed. This was done not only with Mr. Sharp's consent, but at his request. Mr. Sharp testified this arrangement was made both because he worried about passing away before Ms. Sharp and because of his tax liability due to his having not paid taxes since the 1980s. When asked if this "like-kind" exchange was done to avoid the responsibility of paying taxes, Mr. Sharp testified: "We are both guilty of it. * * *. We both knew it * * *. We were both aware of what we were doing, yes."

{¶16} We recognize that the holding of title of property is not dispositive of whether the property is to be considered separate or marital property. *See Helton*, 114 Ohio App.3d at 686, citing R.C. 3105.171(H). It may, however, be some evidence of the parties' intent as to the nature of the asset. *Gallo* at ¶ 25. Here, Ms. Sharp claims that an inter vivos gift had been made, and she must therefore show by clear and convincing evidence an intention on the part of the donor to transfer the title and right of possession of the property and the delivery by the donor to the donee

of the gift, considering its nature, with relinquishment of ownership, dominion and control over it. *Helton* at 685. Where there is little direct evidence on the issue of donative intent, we look to the totality of the circumstances. *Osborne* at ¶ 30.

{¶17} Mr. Sharp made a deliberate choice for his own benefit and to the detriment of his creditors, in requesting that the property be placed in Ms. Sharp's name. *See Neighbarger* at ¶ 25. Much like the Tenth District Court of Appeals in *Neighbarger*, we are not persuaded to allow Mr. Sharp to turn his deliberate action into a legal fiction for his own benefit. *See id.* Regardless of Mr. Sharp's testimony that he did not intend to make a gift of the property, the fact remains that it was deeded solely to Ms. Sharp via quitclaim deed. *See Strasburg* at *7. Under these circumstances, we conclude that the transfer of the property done with the purpose of avoiding creditors constitutes clear and convincing evidence of donative intent to convert the property to marital property. *See Solely* at ¶ 26. Further, in having the property deeded solely in Ms. Sharp's name, Mr. Sharp relinquished ownership and control over the property.

{¶18} We conclude that the trial court's determination that Mr. Sharp lacked donative intent was against the manifest weight of the evidence, as was its classification of the property as Mr. Sharp's separate property.

{¶19} Ms. Sharp's first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED WHEN IT AWARDED THE MARITAL RESIDENCE AT 13915 FRIENDSVILLE ROAD, BURBANK, OHIO[,] TO GLENN SHARP AS HIS SEPARATE PROPERTY.

{¶20} In her second assignment of error, Ms. Sharp argues the trial court erred in awarding the marital residence to Mr. Sharp as his separate property. Our resolution of the first assignment of error renders this assignment of error moot, and we therefore decline to address it.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERR[ED] IN FAILING TO GRANT LYNNE SHARP'S REQUEST THAT GLENN SHARP PAY ALL OF HER LEGAL FEES AND LITIGATION.

{¶21} In her third assignment of error, Ms. Sharp argues the trial court erred by failing to award her attorney fees pursuant to R.C. 3105.73.

{¶22} Pursuant to R.C. 3105.73(A):

In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶23} As a result of our determination of Ms. Sharp's first assignment of error, the status of the marital property has changed since the trial court determined the issue. Because the marital assets may be considered as a factor in determining an award of attorney fees, we remand to the trial court to redetermine the issue of attorney fees pursuant to R.C. 3105.73 in light of our resolution of the first assignment of error. We therefore decline to further address this assignment of error because it would be premature.

III.

{¶24} Ms. Sharp's first assignment of error is sustained. We decline to address Ms. Sharp's second assignment of error because it has been rendered moot. We further decline to address Ms. Sharp's third assignment of error because to do so would be premature. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed,
and remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

SCHAFER, J.
CONCURS.

APPEARANCES:

ROSEANNE K. SHRINER, Attorney at Law, for Appellant.

JAMES M. RICHARD, Attorney at Law, for Appellee.