[Cite as *Sharp v. Sharp*, 2022-Ohio-1201.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

LYNNE SHARP

    Appellee

v.

GLENN SHARP

    Appellant

C.A. Nos.      21AP0007
                    21AP0019

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2017 DR-B 000337

DECISION AND JOURNAL ENTRY

Dated: April 11, 2022

HENSAL, Presiding Judge.

{¶1} Glenn Sharp appeals from the judgments of Wayne County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for further proceedings.

I.

{¶2} In 2017, after 14 years of marriage, Lynne Sharp filed for divorce from Glenn Sharp. A magistrate conducted a final hearing over two nonconsecutive days in 2018. Much of the evidence presented involved the marital residence located at 13915 Friendsville Road, Burbank, Ohio (the "Residence"), which was the primary asset in dispute between the parties.

{¶3} The evidence indicated that the parties acquired the Residence as part of a "like-kind" exchange with So-Cal Collectibles. In this exchange, So-Cal Collectibles agreed to purchase the Residence and then transfer it to Ms. Sharp via a quitclaim deed in exchange for a racecar Mr. Sharp had purchased prior to the parties' marriage. The "like-kind" exchange was done, in part, to avoid tax liability.

{¶4}  Despite being titled solely in Ms. Sharp's name, the magistrate determined that the Residence was Mr. Sharp's separate property because Mr. Sharp purchased the racecar prior to the parties' marriage, and the acquisition of the Residence was directly traceable to that racecar.  It also determined that, since the Residence was Mr. Sharp's separate property, it was not subject to an equitable set off.

{¶5}  After determining that the Residence was Mr. Sharp's separate property, the magistrate ordered Ms. Sharp to execute a quit claim deed, releasing her interest in the Residence. It then ordered Mr. Sharp to refinance the parties' home equity line of credit to remove Ms. Sharp's name and ordered that Mr. Sharp would remain liable for all property taxes, utilities, and insurance payments for the Residence.  It then addressed the following issues that are relevant to this appeal: (1) delinquent real estate taxes; (2) the home equity line of credit; (3) the parties' personal property, including vehicles and tools; (4) federal and state tax liabilities; (5) spousal support; (6) Mr. Sharp's claim of financial misconduct and request for a distributive award; and (7) attorney fees. We will briefly address each item in turn.

{¶6}  *Delinquent Real Estate Taxes*.  There was no dispute that the Sharps had not paid real estate taxes for the Residence.  The magistrate determined that, because it allocated the Residence to Mr. Sharp, Mr. Sharp should be liable for the delinquent real estate taxes, with no equitable setoff for that tax liability.

{¶7}  *Home Equity Line of Credit*.  The magistrate noted that the parties' home equity line of credit balance was $18,492.02, and that part of that money was used to purchase Ms. Sharp's personal vehicle (GMC Envoy) and a roof for the Residence.  The magistrate concluded that the portion used for Ms. Sharp's personal vehicle would be setoff by awarding Mr. Sharp certain tools, and that the remainder of the debt would be equitably allocated to Mr. Sharp due to

the Residence being his separate property. As previously noted, it ordered Mr. Sharp to refinance the home equity line of credit to remove Ms. Sharp's name, and to hold her harmless for any liability.

{¶8} *Personal Property – Vehicles and Tools.* As previously noted, the magistrate determined that Ms. Sharp's GMC Envoy, which was purchased with funds from the home equity line of credit, would remain her separate property as an equitable setoff. It then found that it would be reasonable and equitable to setoff the marital value of certain tools ($4,365) from the purchase price paid for Ms. Sharp's GMC Envoy, the balance of which remained due and payable on the home equity line of credit allocated to Mr. Sharp.

{¶9} *State and Federal Tax Liability.* The parties did not dispute that Ms. Sharp filed her own, separate state and federal tax returns throughout the parties' marriage. Mr. Sharp, on the other hand, had not filed state or federal tax returns since the 1980s. The magistrate determined that the parties would be responsible for their own tax returns and/or refunds, and that Mr. Sharp would be "solely liable for any tax liability, penalties and delinquencies assessed due to his failure to file tax returns prior to and throughout the parties' marriage and shall hold [Ms.] Sharp harmless as to said liability, both state and federal."

{¶10} *Spousal Support.* The magistrate considered the factors set forth in Revised Code Section 3105.18(C)(1). In addressing Section 3105.18(C)(1)(i), which relates to the relative assets and liabilities of the parties, the magistrate noted that Mr. Sharp had been allocated the Residence, and that Ms. Sharp would need to find alternative living arrangements. It also noted that substantially more debt had been allocated to Mr. Sharp, including the home equity line of credit. The magistrate concluded that Mr. Sharp should pay spousal support to Ms. Sharp in the amount of $700.00 per month for a period of sixty months.

{¶11} *Financial Misconduct*. The magistrate addressed Mr. Sharp's claim that Ms. Sharp engaged in financial misconduct. According to Mr. Sharp, Ms. Sharp secured the home equity line of credit using his forged signature. Mr. Sharp also claimed that he was unaware that the loan was secured by the Residence, and that he was unaware that the Ms. Sharp was only making the minimum payment on that loan. The magistrate determined that Mr. Sharp had knowledge of the loan, and that Ms. Sharp did not substantially and willfully fail to disclose or subvert Mr. Sharp's knowledge of that debt. The magistrate, therefore, concluded that Ms. Sharp did not engage in financial misconduct. In reaching this conclusion, the magistrate noted that Mr. Sharp's "lack of knowledge of the mortgage and whether his signature was in fact a product of forgery is left to adjudication in another proceeding."

{¶12} *Attorney Fees*. Regarding the parties' claims for attorney fees, the magistrate noted that it had already awarded spousal support to Ms. Sharp, and that it had allocated substantially more debt to Mr. Sharp "due to his separate property interest in the [Residence] and as a consideration in spousal support herein." It then ordered each party to pay their own attorney fees.

{¶13} On the same day the magistrate issued its decision, the trial court issued its own judgment entry, finding that the magistrate's decision contained no errors of law or other defect. The trial court's judgment entry contained less analysis on certain issues but ultimately reached the same conclusions as the magistrate's decision.

{¶14} Relevant to this appeal, unlike the magistrate's decision, the trial court's judgment entry did not indicate that the trial court considered the allocation of the Residence to Mr. Sharp when ordering Mr. Sharp to pay spousal support to Ms. Sharp, or in ordering both parties to pay their own attorney fees. Additionally, unlike the magistrate's decision, the trial court's judgment entry contained little analysis regarding Mr. Sharp's claim for financial misconduct, and did not

indicate that his forgery claim was "left to adjudication in another proceeding." Instead, it simply indicated that it had considered Section 3105.171(E)(4) and (5), and that Ms. Sharp had not engaged in financial misconduct.

{¶15} The parties objected to the magistrate's decision, and the trial court overruled their objections. Ms. Sharp appealed, assigning three errors. *Sharp v. Sharp*, 9th Dist. Wayne No. 19AP0046, 2020-Ohio-3537 (*Sharp I*). The first two assignments of error challenged the trial court's finding that the Residence was Mr. Sharp's separate property. *Id.* at ¶ 5, 20. The third assignment of error challenged the trial court's failure to order Mr. Sharp to pay Ms. Sharp's attorney fees. Mr. Sharp did not appeal the trial court's decision but did respond to Ms. Sharp's arguments on appeal.

{¶16} This Court sustained Ms. Sharp's first assignment of error, concluding that the trial court erred by finding that the Residence was Mr. Sharp's separate property. *Id.* at ¶ 18. In reaching this conclusion, this Court explained:

> Ms. Sharp was listed as the seller of [the racecar] and the real property was transferred solely to her by quitclaim deed. This was done not only with Mr. Sharp's consent, but at his request. Mr. Sharp testified this arrangement was made both because he worried about passing away before Ms. Sharp and because of his tax liability due to his having not paid taxes since the 1980s. When asked if this "like-kind" exchange was done to avoid the responsibility of paying taxes, Mr. Sharp testified: "We are both guilty of it. * * *. We both knew it * * *. We were both aware of what we were doing, yes."
>
> * * *
>
> Mr. Sharp made a deliberate choice for his own benefit and to the detriment of his creditors, in requesting that the property be placed in Ms. Sharp's name. * * * [W]e are not persuaded to allow Mr. Sharp to turn his deliberate action into a legal fiction for his own benefit. * * * Regardless of Mr. Sharp's testimony that he did not intend to make a gift of the property, the fact remains that it was deeded solely to Ms. Sharp via quitclaim deed. * * * Under these circumstances, we conclude that the transfer of the property done with the purpose of avoiding creditors constitutes clear and convincing evidence of donative intent to convert the property to marital property. * * * Further, in having the property deeded solely in Ms. Sharp's name, Mr. Sharp relinquished ownership and control over the property.

*Id.* at ¶ 15, 17.

{¶17}   This Court then declined to address the second, related assignment of error as moot. *Id.* at ¶ 20.   Regarding Ms. Sharp's third assignment of error, this Court explained that marital assets may be considered as a factor in determining an award of attorney fees.  *Id.* at ¶ 23.  In light of this Court's determination that the trial court erred by finding that the Residence was Mr. Sharp's separate property, this Court explained that the marital assets had changed, warranting a remand for the trial court to redetermine the issue of attorney fees.  *Id.*  We then reversed and remanded the matter for further proceedings consistent with our decision.  *Id.* at ¶ 24.

{¶18}   On remand, the trial court ordered the parties to brief the issues that were the subject of the remand.  Prior to the parties submitting their briefing, Mr. Sharp filed a motion captioned: "Motion to Modify Spousal Support; in the Alternative, Motion to Terminate Spousal Support; in the Further Alternative, Motion to Immediately Suspend and/or Escrow Spousal Support Payments" ("Motion to Modify").  In it, Mr. Sharp argued that the trial court specifically retained jurisdiction over the amount and duration of the spousal support award, and that this Court's decision in *Sharp I* warranted a modification, termination, or suspension of spousal support payments.

{¶19}   Mr. Sharp then filed his brief regarding which issues were subject to this Court's remand.  He argued that this Court's remand required a reconsideration of all issues because the trial court's allocation of the Residence as his separate property was inextricably intertwined with the trial court's decision on all remaining issues.  He requested an evidentiary hearing to allow the parties to present additional evidence on the remaining issues.

{¶20}   Ms. Sharp, on the other hand, argued that this Court's remand only required the trial court to address the allocation of the Residence as marital property, any expenses or debts

associated with the Residence, and the issue of attorney fees. She argued that an evidentiary hearing was not warranted because evidence relating to the issues on remand was already presented at the prior hearings, and there was no need for additional evidence.

{¶21} The magistrate issued a decision without holding a hearing. In it, the magistrate determined that the allocation of the Residence as marital property necessitated certain changes to the prior division of assets. It explained that the trial court previously allocated the portion of the home equity line of credit attributable to the roof to Mr. Sharp. Now that the Residence was considered marital property, the magistrate explained that the portion of home equity loan attributable to the roof should be allocated equally between the parties.

{¶22} The magistrate then addressed Ms. Sharp's GMC Envoy. It indicated that the trial court previously allocated that vehicle to Ms. Sharp as her separate property as a setoff from Mr. Sharp being awarded certain tools and personal property. The magistrate explained that the trial court valued the tools at $8,730. According to the magistrate, since the GMC Envoy was an equitable setoff from the allocation of tools and personal property to Mr. Sharp, the value of this setoff in favor of Ms. Sharp was $8,730. The magistrate indicated that neither party objected to or appealed the trial court's allocation of personal property, resulting in the $8,730 value attributed to the GMC Envoy being the law of the case. The magistrate then explained that, since the home equity loan was used to purchase the GMC Envoy and the roof, the portion of the home equity loan attributable to the roof was the outstanding loan amount ($18,492.02) less the portion attributable to the GMC Envoy ($8,730), totaling $9,762.02. The magistrate concluded that the home equity line of credit attributable to the roof ($9,762.02) should be apportioned equally between the parties by way of reducing Ms. Sharp's share of the equity in the Residence by one-half of the debt attributable to the roof.

**{¶23}** The magistrate then addressed the issue of delinquent real estate taxes. The magistrate explained that the trial court previously allocated the delinquent real estate taxes to Mr. Sharp since the Residence was allocated to him as his separate property. It explained that, since the Residence was now marital property, the delinquent real estate taxes should be allocated equally between the parties by way of reducing Ms. Sharp's share of the equity in the Residence by one-half of the delinquent tax liability.

**{¶24}** The magistrate then indicated that the remaining allocation of financial assets and debts was not subject to the remand order. It indicated that neither party appealed the trial court's allocation of federal and state income tax liability to Mr. Sharp due to his failure to pay taxes prior to and throughout the parties' marriage. The magistrate, therefore, concluded that the allocation of tax liability to Mr. Sharp remained law of the case.

**{¶25}** Next, the magistrate addressed the issue of spousal support. It explained that neither party appealed the order of spousal support, and that the trial court did not order spousal support based upon or in consideration of the Residence being allocated to Mr. Sharp as his separate property. The magistrate, therefore, concluded that the issue of spousal support was not affected by this Court's decision in *Sharp I*, and that the current spousal support order remained fair and equitable.

**{¶26}** Lastly, the magistrate addressed the issue of attorney fees. It determined that the parties received an equitable division of marital assets and debts, and that each party should pay their own attorney fees.

**{¶27}** In conclusion, the magistrate ordered Mr. Sharp to compensate Ms. Sharp for her one-half share of the equity in the Residence, less her share of the home equity line of credit and real estate tax liability.

{¶28} On the same day the magistrate issued its decision, the trial court issued its own judgment entry, finding that the magistrate's decision contained no errors of law or other defect. The trial court's judgment entry omitted some of the statutory law recited in the magistrate's decision, but contained the same analysis and reached the same conclusions.

{¶29} Mr. Sharp then filed a document captioned: "Motion for Clarification; In the Alternative, Motion for Reconsideration" ("Motion for Clarification"). In it, Mr. Sharp asserted that the trial court's judgment entry did not address his Motion to Modify. He, therefore, requested that the trial court issue an order addressing his Motion to Modify or, in the alternative, to schedule the matter for an evidentiary hearing.

{¶30} After filing his Motion for Clarification, Mr. Sharp filed his objections to the magistrate's decision, and later supplemented his objections. Ms. Sharp opposed Mr. Sharp's objections, arguing that the trial court should adopt the magistrate's decision. The trial court summarily overruled Mr. Sharp's objections, and he filed C.A. No. 21AP0007 with this Court.

{¶31} After Mr. Sharp filed his appeal, the magistrate issued an order addressing Mr. Sharp's Motion for Clarification. The magistrate indicated that the trial court's judgment entry following this Court's remand addressed the issue of spousal support, and implicitly denied Mr. Sharp's Motion to Modify. The magistrate then indicated that the trial court's judgment entry on remand was now on appeal with this Court, and that the trial court did not have jurisdiction to modify or terminate the spousal support award pending appellate review.

{¶32} Mr. Sharp moved the trial court to set aside the magistrate's order, which the trial court denied. Mr. Sharp then filed C.A. No. 21AP0019 with this Court, assigning as error that the trial court erred by not addressing his Motion to Modify, which included a request to suspend or escrow spousal support payments pending a resolution of the outstanding issues, and by finding

that it lacked jurisdiction to modify the spousal support award while C.A. No. 21AP0007 remained pending with this Court. On Mr. Sharp's motion, this Court consolidated the two appeals for purposes of oral argument, if applicable, and decision.

{¶33} This Court will address both appeals, beginning with C.A. No. 21AP0007.

II.

ASSIGNMENT OF ERROR I – C.A. NO. 21AP0007

THE MAGISTRATE AND THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFERRING TO THE LAW OF THE CASE DOCTRINE AND FINDING THAT THE REMAND ORDER FROM THIS COURT PRECLUDED AN EXAMINATION OF THE REMAINING CLAIMS OF THE PARTIES AND ALSO PRECLUDED THE PRESENTATION OF ANY ADDITIONAL EVIDENCE AFTER REMAND.

{¶34} In his first assignment of error in C.A. No. 21AP0007, Mr. Sharp argues that the trial court erred by relying on the law-of-the-case doctrine to conclude that it could not reexamine the parties' remaining claims on remand, and that it erred by not allowing him to present additional evidence on those claims. "Application of the doctrine of law of the case to the matters before the trial court presents a legal question, which we review de novo." *Akron v. Holland Oil Co.*, 9th Dist. Summit No. 20954, 2002-Ohio-4150, ¶ 27.

{¶35} Mr. Sharp argues that, because *Sharp I* changed the status of the Residence from separate property to marital property, the trial court was required to reexamine all of the parties' remaining claims. More specifically, he argues that the trial court was required to reexamine: (1) his request for an unequal, but equitable division of property order; (2) his claim for financial misconduct or distributive award; (3) his claims regarding the allocation of the parties' financial assets and debts; and (4) his claims regarding spousal support. He also argues that, because he needs to file his delinquent tax returns, he will have to report the sale of his racecar as a gain of $265,500. He argues that being liable for the entire tax obligation associated with that sale is

inequitable now that the Residence is no longer his separate property. He argues that the trial court's original resolution of these claims was inextricably intertwined with its determination that the Residence was his separate property, and that the trial court erred by not reexamining these claims on remand.

{¶36} Initially, we note that much of the language Mr. Sharp relies upon in his merit brief is contained in the magistrate's original decision. In a footnote, Mr. Sharp asserts that magistrate's original decision and the trial court's original judgment entry contain "essentially the same language." That is not accurate. For example, the magistrate's original decision refers to the Residence when awarding spousal support and in determining the issue of attorney fees. The trial court's original judgment entry does not, and any reliance upon language contained the magistrate's decision that was not subsequently incorporated into the trial court's judgment entry is misplaced. *See Reisinger v. Reisinger*, 9th Dist. Lorain No. 18CA011444, 2019-Ohio-2268, ¶ 11, quoting *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000) ("Once a magistrate's decision has been filed and served upon the parties, the trial court must then act upon the decision. * * * Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided."); Civ.R. 53(D).

{¶37} This Court's review of the trial court's original judgment entry indicates that the trial court expressly stated that the Residence was Mr. Sharp's separate property, and that it was not subject to an equitable setoff. It determined that, because it had allocated the Residence to Mr. Sharp as his separate property, Mr. Sharp would be solely liable for the delinquent real estate taxes. It then indicated that the home equity line of credit was used to purchase Ms. Sharp's GMC Envoy and a roof for the Residence. It concluded that it was equitable to allocate the portion of the home

equity line of credit attributable to the roof to Mr. Sharp, and to equitably setoff the allocation of the GMC Envoy to Ms. Sharp by awarding Mr. Sharp certain tools. On remand, the trial court divided the delinquent real estate taxes and the balance of the home equity line of credit attributable to the roof equally between the parties.

{¶38} Despite Mr. Sharp's arguments to the contrary, there is no indication that the trial court considered the allocation of the Residence to Mr. Sharp as his separate property when allocating the remaining assets and debts, his personal tax liabilities, the issue of spousal support, or his claim of financial misconduct. The trial court reiterated this point on remand, stating that it "did not allocate financial assets and debts or order spousal support based upon or in consideration of the designation of [the Residence] as separate or marital property."

{¶39} Regarding his claim for financial misconduct, the trial court's original judgment entry indicates that it considered the relevant statutory factors, and that it concluded that Ms. Sharp did not engage in financial misconduct. Mr. Sharp did not appeal that decision. Despite Mr. Sharp's argument to the contrary, this Court fails to see how the trial court's decision in this regard was inextricably intertwined with the allocation of the Residence as his separate property such that the trial court should have reexamined that issue on remand.

{¶40} While Mr. Sharp's foregoing arguments lack merit, we do find merit in his argument regarding the tax consequences from the sale of the racecar. This Court's decision in *Sharp I* created a new issue that the trial court had no reason to address prior to *Sharp I* when the Residence was allocated to Mr. Sharp as his separate property: the allocation of liability related to the tax consequences from the sale of the racecar now that the Residence is marital property. Mr. Sharp raised this issue in his objections to the magistrate's decision, but the trial court summarily denied his objections without explaining its reasoning. While we find no error in the trial court's

general conclusion that Mr. Sharp should be solely liable for any tax liabilities due to his failure to file taxes over the years, we conclude that the trial court erred by not addressing the allocation of liability related to the tax consequences from the sale of the racecar on remand. We, therefore, remand the matter for the trial court to address this issue in the first instance.

{¶41} Aside from the allocation of liability related to the tax consequences from the sale of the racecar, we cannot say that the trial court erred by not reexamining the issues raised in Mr. Sharp's first assignment of error on remand. Nor can we say that the trial court erred by not permitting Mr. Sharp to present additional evidence on those issues. Mr. Sharp's first assignment of error in C.A. No. 21AP0007 is overruled in part, and sustained in part.

ASSIGNMENT OF ERROR II – C.A. NO. 21AP0007

THE MAGISTRATE AND THE TRIAL COURT ERRED BY REJECTING GLENN'S REQUEST TO CONDUCT AN EVIDENTIARY HEARING TO CONSIDER A NEW DIVISION OF PROPERTY AND DEBT ORDER DUE TO THE FACT THAT THE TRIAL COURT'S DECISION ON ALL REMAINING CLAIMS OF THE PARTIES WAS INEXTRICABLY INTERTWINED WITH THE FINDING OF THE RESIDENCE TO BE GLENN'S SEPARATE PROPERTY.

{¶42} In his second assignment of error in C.A. No. 21AP0007, Mr. Sharp argues that the trial court erred by not holding an evidentiary hearing on remand. He again argues that the trial court's original decision to allocate the Residence as his separate property was inextricably intertwined with its decision on the parties' remaining claims. He argues that an evidentiary hearing was necessary on remand because the reclassification of the Residence as marital property affected the remaining claims between the parties.

{¶43} Consistent with our resolution of Mr. Sharp's first assignment of error, we conclude that the trial court did not err by not reexamining all of the parties claims on remand. It, therefore, follows that the trial court did not err by not holding an evidentiary hearing on those issues.

{¶44} As explained in our resolution of Mr. Sharp's first assignment of error, the trial court did err by not addressing the allocation of liability related to the tax consequences from the sale of the racecar now that the Residence is marital property. This Court's resolution of Mr. Sharp's first assignment of error remands the matter for the trial court to address that issue in the first instance. Accordingly, whether an evidentiary hearing is necessary on that issue is a matter for the trial court to decide. Mr. Sharp's second assignment of error in C.A. No. 21AP0007 is overruled.

ASSIGNMENT OF ERROR III – C.A. NO. 21AP0007

THE MAGISTRATE AND THE TRIAL COURT ERRED BY FINDING THAT THE MAGISTRATE'S REPORT AND DECISION, NUNC PRO TUNC (APPENDIX A) AND JUDGMENT ENTRY DIVORCE DECREE, NUNC PRO TUNC (APPENDIX B) DID NOT ALLOCATE FINANCIAL ASSETS AND DEBTS OR ORDER SPOUSAL SUPPORT BASED UPON A CONSIDERATION OF THE DESIGNATION OF THE RESIDENCE AS SEPARATE PROPERTY. THIS MAGISTRATE'S DECISION AND THE TRIAL COURT'S ORDER ADOPTING THE MAGISTRATE'S DECISION ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶45} In his third assignment of error in C.A. No. 21AP0007, Mr. Sharp argues that the trial court erred by concluding that it had not allocated financial assets and debts or ordered spousal support based upon its allocation of the Residence to Mr. Sharp as his separate property. He argues that the trial court did, in fact, allocate financial assets and debts and order spousal support based upon its allocation of the Residence to him as his separate property, and that the reclassification of the Residence as marital property on remand required a new evidentiary hearing and a complete reexamination of these issues.

{¶46} In support of his third assignment of error, Mr. Sharp cites portions of the magistrate's decision wherein the magistrate referred to the Residence being allocated to Mr. Sharp as his separate property when considering the issues of attorney fees and spousal support. As we

noted in our resolution of Mr. Sharp's first assignment of error, however, any reliance on the magistrate's decision – as opposed to the trial court's judgment entry – is misplaced. The trial court's original judgment entry does not indicate that it allocated financial assets and debts, or ordered spousal support based upon its allocation of the Residence to Mr. Sharp as his separate property. The trial court reiterated this fact in its judgment entry on remand, stating that it "did not allocate financial assets and debts or order spousal support based upon or in consideration of the designation of [the Residence] as separate or marital property." We, therefore, cannot say that the trial court erred by not holding an evidentiary hearing on these issues, and instead relying upon information already contained in the record when issuing its decision on remand. To the extent the allocation of debts includes the tax consequences from the sale of the racecar, this Court's resolution of Mr. Sharp's first assignment of error addresses that issue. Mr. Sharp's third assignment of error in C.A. No. 21AP0007 is overruled.

ASSIGNMENT OF ERROR IV – C.A. NO. 21AP0007

> THE MAGISTRATE AND TRIAL COURT ERRED, AS A MATTER OF LAW, BY REFUSING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO REDUCE SPOUSAL SUPPORT, MOTION TO TERMINATE SPOUSAL SUPPORT AND MOTION TO SUSPEND SPOUSAL SUPPORT DUE TO THE CONTINUING JURISDICTION OF THE TRIAL COURT. JURISDICTION OVER SPOUSAL SUPPORT WAS SPECIFICALLY RESERVED AS TO THE AMOUNT AND DURATION IN THE MAGISTRATE'S REPORT AND DECISION, NUNC PRO TUNC (APPENDIX A) AND THE JUDGMENT ENTRY DECREE OF DIVORCE, NUNC PRO TUNC (APPENDIX B).

{¶47} In his fourth assignment of error in C.A. No. 21AP0007, Mr. Sharp argues that the trial court erred by not conducting an evidentiary hearing on his Motion to Modify. He argues that the trial court retained jurisdiction over the amount and duration of spousal support, and that *Sharp I* did not preclude the trial court from hearing additional evidence related to that motion on remand.

{¶48} Despite Mr. Sharp's arguments to the contrary, there is no indication that the trial court considered the allocation of the Residence to Mr. Sharp as his separate property when determining the issue of spousal support. The trial court reiterated this point on remand, stating that it did not order spousal support "based upon or in consideration of the designation of [the Residence] as separate or marital property." On remand, the trial court decided the issue of spousal support based upon facts and conclusions already contained in the record. Under these facts, we cannot say that it erred by doing so. Mr. Sharp's fourth assignment of error in C.A. No. 21AP0007 is overruled. We now turn to the assignments of error raised in C.A. No. 21AP0019.

ASSIGNMENT OF ERROR I – C.A. NO. 21AP0019

THE MAGISTRATE AND THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ISSUING AND ADOPTING THE MAGISTRATE'S ORDER AND DECISION REFUSING TO ADDRESS APPELLANT'S MOTION TO MODIFY SPOUSAL SUPPORT; IN THE ALTERNATIVE, MOTION TO TERMINATE SPOUSAL SUPPORT; IN THE FURTHER ALTERNATIVE MOTION TO IMMEDIATELY SUSPEND AND/OR ESCROW SPOUSAL SUPPORT PAYMENTS BY IMPOSING A STAY AND FINDING THAT THE TRIAL COURT DID NOT HAVE JURISDICTION TO ADDRESS APPELLANT'S MOTION TO MODIFY DUE TO THE FILING OF APPELLANT'S NOTICE OF APPEAL IN CASE NO. 2021 AP-X 000007.

{¶49} In his first assignment of error in C.A. No. 21AP0019, Mr. Sharp argues that the trial court erred by denying his motion to set aside the magistrate's order. More specifically, he argues that the trial court erred by not addressing his Motion to Modify, and by concluding that it did not have jurisdiction to consider it while C.A. No. 21AP0007 remained pending with this Court. As previously noted, Mr. Sharp asserted in his Motion to Modify that the trial court specifically retained jurisdiction over the amount and duration of the spousal support award, and that this Court's decision in *Sharp I* warranted a modification, termination, or suspension of spousal support payments.

{¶50} After the trial court issued its decision on remand, Mr. Sharp filed his Motion for Clarification, asserting that the trial court's judgment entry on remand did not address his Motion to Modify. He then filed his objections to the magistrate's decision, and later supplemented his objections. The trial court summarily overruled Mr. Sharp's objections, and he filed C.A. No. 21AP0007 with this Court.

{¶51} Several weeks later, the magistrate issued an order stating that the trial court had "addressed the issue of spousal support on remand, implicitly denying the [Motion to Modify]. The Judgement Entry is now on appeal to the Ninth District Court of Appeals and this Court does not have jurisdiction to modify or terminate the award pending appellate review." Mr. Sharp then moved the trial court to set aside the magistrate's order, which the trial court denied. He then filed C.A. No. 21AP0019 with this Court.

{¶52} While the trial court did not issue a separate judgment entry denying Mr. Sharp's Motion to Modify, its judgment entry on remand addressed the issue of spousal support, finding the award fair and equitable. In doing so, it explained that this Court's remand in *Sharp I* did not affect its spousal support award. The magistrate's subsequent order clarified that the trial court's judgment entry on remand implicitly denied Mr. Sharp's Motion to Modify. The fact that the magistrate also stated that the trial court did not have jurisdiction to modify or terminate the spousal support award while C.A. No. 21AP0019 remained pending is immaterial. We note that the trial court's judgment entry denying Mr. Sharp's motion to set aside the magistrate's order does not mention the issue of its jurisdiction. Regardless, the magistrate's order makes clear that the trial court did consider Mr. Sharp's Motion to Modify before issuing its decision on remand and, thus, before Mr. Sharp filed C.A. No. 21AP0019. Mr. Sharp's argument to the contrary, therefore, lacks merit. Mr. Sharp's first assignment of error in C.A. No. 21AP0019 is overruled.

## ASSIGNMENT OF ERROR II – C.A. NO. 21AP0019

THE MAGISTRATE AND THE TRIAL COURT ERRED AS A MATTER OF LAW BY ISSUING AND ADOPTING A MAGISTRATE'S ORDER, SUA SPONTE, IMPOSING A STAY WITHOUT ADDRESSING THE QUESTION OF BOND.

{¶53} In his second assignment of error in C.A. No. 21AP0019, Mr. Sharp argues that the trial court erred by imposing a stay without addressing the issue of bond. He asserts that his Motion to Modify included a request that spousal support payments be escrowed or held pending a decision on that motion. He argues that the magistrate's order imposed a stay that requires him to pay spousal support pending a final decision on his Motion to Modify and the two appeals currently pending before this Court. He argues that the trial erred by denying his motion to set aside that order, and the trial court should have addressed the issue of bond.

{¶54} Like his first assignment of error in C.A. No. 21AP0019, Mr. Sharp's second assignment of error is premised upon his erroneous belief that the trial court has not ruled on his Motion to Modify. As discussed in the previous assignment of error, the magistrate issued an order after the trial court issued its judgment entry on remand, clarifying that the trial court's judgment entry implicitly denied Mr. Sharp's Motion to Modify. Any argument premised upon the trial court's failure to rule on that motion, therefore, lacks merits.

{¶55} Moreover, Mr. Sharp erroneously conflates the magistrate's order with an order issuing a stay. The magistrate's order did not issue a stay; it clarified the fact that the trial court implicitly denied Mr. Sharp's Motion to Modify when it issued its judgment entry on remand. Mr. Sharp's arguments regarding the imposition of a stay, therefore, lack merit.

{¶56} In light of the foregoing, Mr. Sharp's second assignment of error in C.A. No. 21AP0019 is overruled.

III.

{¶57} Mr. Sharp's first assignment of error in C.A. No. 21AP0007 is overruled in part, and sustained in part. Mr. Sharp's second, third, and fourth assignments of error in C.A. No. 21AP0007 are overruled. Mr. Sharp's assignments of error in C.A. No. 21AP0019 are overruled. The judgment of the Wayne County Court of Common Pleas relative to C.A. No. 21AP0007 is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this decision. The judgment of the Wayne County Court of Common Pleas relative to C.A. No. 21AP0019 is affirmed.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.


APPEARANCES:

JAMES M. RICHARD, Attorney at Law, for Appellant.

ROSANNE K. SHRINER, Attorney at Law, for Appellee.